UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DEXTER DURRELL COOPER, | ) | |
| Plaintiff, | ) ) ) | Civil No. 5:21-cv-00139-GFVT |
| v. | ) ) | |
| SARGEANT JESSE PALMER, ET AL., | ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Dexter Durrell Cooper is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Cooper recently filed a civil rights complaint. [R. 1.] The Court has now conducted an initial screening of that complaint pursuant to 28 U.S.C. § 1915A and, for the reasons set forth below, will dismiss it.

As an initial matter, the Court will provide a brief summary of Cooper's federal criminal case in this district as it directly intersects with this civil rights matter. *See United States v. Cooper*, No. 5:17-cr-00035-KKC-EBA-1 (E.D. Ky. 2017); *see also United States v. Cooper*, 778 F. App'x 396, 397-98 (6th Cir. 2019). On September 22, 2016, police arrested Cooper and obtained a warrant to search his car, where they found a gun, shell casings, heroin, cocaine, methamphetamine, and drug paraphernalia. *See Cooper*, 778 F. App'x at 397. A federal grand jury in this district subsequently indicted Cooper on multiple charges. *See id.*

During the course of his criminal proceedings, Cooper moved to suppress the evidence found in his car. *See id.* The district court held an evidentiary hearing at which several police officers testified, including Jesse Palmer, John Finley, and Caleb Brill. *See id.* The district court then denied Cooper's motion. *See id.* Following that decision, Cooper pled guilty to two of the

charges against him—possession of heroin with the intent to distribute and possession of a firearm in furtherance of a drug trafficking offense—though he reserved the right to appeal the denial of his motion to suppress. *See id.* The district court then sentenced Cooper to 120 months in prison. *See id.*

Cooper subsequently appealed, challenging the district court's denial of his motion to suppress. *See id.* at 398. Cooper argued that the police detained him unlawfully and the district court should have suppressed evidence that the police obtained as a result of that detention. *See id.* at 397-98. The United States Court of Appeals for the Sixth Circuit, however, discussed the circumstances surrounding Cooper's arrest, including the actions of Officers Palmer, Finley, and Brill, and it rejected Cooper's arguments. *See id.* at 398-99. As a result, the Sixth Circuit affirmed the district court's judgment. *See id.* at 399.

Cooper then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as several miscellaneous motions related to his request for relief. *See Cooper*, No. 5:17-cr-00035-KKC-EBA-1 at Rs. 220, 232, 243, 285, 297, 304, 309, 310, 313, 314, 316. The district court, however, recently denied Cooper's various motions and refused to issue him a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. *See id.* at Rs. 318, 319.

While Cooper was pursuing § 2255 relief, he also filed a *pro se* civil rights action in which he named up to 18 different defendants, including Officers Palmer, Finley, and Brill. *See Cooper v. Unknown Michigan State Trooper, et al.*, No. 5:21-cv-00009-KKC, at R. 1 (E.D. Ky. 2021). The Court, however, conducted an initial review of Cooper's complaint and determined that there were numerous problems with his submission. *See id.* at 9. Therefore, the Court dismissed his complaint without prejudice to his right to initiate a new, proper civil rights case. *See id.*

Cooper has now filed a new civil rights complaint and thus initiated the present action.[1] [R. 1.] In Cooper's pleading, he puts forth allegations related to the events of September 22, 2016, and he lists multiple defendants, including but not limited to Officers Palmer, Finley, and Brill. [*See id.*] Cooper claims that the named defendants ran afoul of his constitutional rights and violated other federal laws, and he is seeking "6 million dollars in total." [*Id.* at 5, 9.]

The Court has screened Cooper's complaint pursuant to 28 U.S.C. § 1915A and will dismiss it for multiple reasons. For starters, Cooper's factual allegations are exceedingly difficult to follow, and, as a result, they fail to clearly state a claim upon which relief may be granted. [*See* R. 1 at 2-4.] To be sure, the Court understands that Cooper continues to take exception to the fact that law enforcement officials searched his vehicle. [*See id.*] However, Cooper's allegations are written in a confusing narrative format that makes it very hard to understand specifically what each named defendant did or failed to do to cause him harm. [*See id.*] As a result, Cooper's complaint does not even get off the ground. *See* 28 U.S.C. § 1915A(b)(1) (stating that the court shall dismiss the complaint if it fails to state a claim upon which relief may be granted).

Moreover, Cooper's claims are untimely. Cooper suggests that he is pursuing his claims against the defendants pursuant to 42 U.S.C. §§ 1983 and 1985. As this Court has explained, there is a one-year statute of limitations on such claims in Kentucky. *See Maqablh v. Carter*, No. 3:19-cv-00083-DLB, 2020 WL 1846992, at *1 n.1 (E.D. Ky. April 10, 2020); *Harrison v. Back*, No. 6:16-cv-00063-KKC, 2016 WL 1627617, at *2-*3 (E.D. Ky. April 21, 2016). Cooper,

---

[1] At the time Cooper initiated this case, he neither paid the filing and administrative fees nor moved for leave to proceed *in forma pauperis*. That said, in Cooper's previous civil rights action, it appears he paid the full filing and administrative fees well after his case was dismissed, presumably in an attempt to properly start this new action. *See Cooper*, No. 5:21-cv-00009-KKC, at R. 18. Therefore, the Court will apply those paid fees to this case.

however, complains about events that allegedly occurred on September 22, 2016, and he did not file this lawsuit until well over four years later. Thus, Cooper's claims are clearly time barred.

Finally, even if Cooper's allegations were more readily understandable and his claims were timely, his complaint would still amount to an improper collateral attack on his federal criminal convictions. After all, Cooper's claims concern the validity of his criminal proceedings, and, if he were to prevail on those claims, his federal convictions, sentence, and continued confinement would be called into question. Cooper may not proceed in this manner. *See, e.g., Haddad v. Kendall*, No. 15-12062, 2015 WL 3756024 (E.D. Mich. June 16, 2015) (explaining that the convicted federal prisoner's complaint challenged the validity of his criminal proceedings and thus was not cognizable).

For the reasons set forth above, it is **ORDERED** that:

1. Cooper's present complaint [**R. 1**] is **DISMISSED** pursuant to 28 U.S.C. § 1915A. That said, Cooper may continue to pursue his arguments in his federal criminal case.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 26th day of May, 2021.

Gregory F. Van Tatenhove
United States District Judge